UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLOTTE L. FRANKLIN-SAMUELS,

        Plaintiff,

   v.

PRESIDENT DONALD TRUMP, et al.,

        Defendants.

Case No. 1:25-cv-41

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

Plaintiff Charlotte L. Franklin-Samuels is well-acquainted with the federal courts. At the beginning of 2025, during a two-week span, Franklin-Samuels, proceeding pro se and in forma pauperis (IFP), filed twenty lawsuits in this District, many of which make nearly incomprehensible (and sometimes illegible) allegations involving "black magic."[1] The Magistrate Judge assigned to this case, exercising her authority under 28 U.S.C. § 1915(e)(2), screened Franklin-Samuels' Complaint here for failure to state a claim upon which relief may be granted. In her resulting Report and Recommendation (R&R, Doc. 5), the Magistrate Judge recommends that the Court dismiss the Complaint with prejudice for failure to state a claim. The R&R also formally warns Franklin-Samuels that continuing to file cases that are dismissed on

---

[1] Franklin-Samuels' litigation history is more thoroughly detailed in one of the Court's previous Orders dismissing another one of Franklin-Samuels' many complaints. *Franklin v. United States Postal Service*, 1:25-cv-60, 2025 WL 957556, at *1 nn.1 & 2 (S.D. Ohio Mar. 31, 2025).

initial screening will likely result in her designation as a vexatious litigator. For the reasons briefly discussed below, the Court **ADOPTS** the R&R (Doc. 5) in full, **OVERRULES** Franklin-Samuels' Objection (Doc. 6), **DISMISSES WITH PREJUDICE** Franklin-Samuels' Complaint (Doc. 4), and **FORMALLY WARNS** Franklin-Samuels that if she files any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards, the Court will declare her a vexatious litigator.

When she filed her Complaint, Franklin-Samuels also sought leave to pursue this action IFP. (Doc. 1). In connection with granting that motion, the Magistrate Judge exercised her authority to screen the Complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Based on her review, she issued an R&R concluding that the Complaint failed to state a claim. (Doc. 5, #60). Within the required fourteen-day timeline, Franklin-Samuels objected. (Doc. 6).

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

But that review extends "only to any portion [of the R&R] to which a proper objection was made." *Bates*, 2023 WL 4348835, at *1 (quotation omitted). A proper objection, moreover, is one that is "clear enough to enable the district court to discern

2

those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). And a court need not provide de novo review where the objections are frivolous or conclusory. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Slater v. Potter*, 28 F. App'x 512, 512–13 (6th Cir. 2002).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

In this case, Franklin-Samuels asserts claims against President Donald Trump, Vice President JD Vance, Governor Mike DeWine, Hamilton County Clerk of Court Pavan Parikh,[2] Mayor Pat Mueller, and Fort Hamilton Hughes Hospital. (Doc. 4, #40). But the R&R found that Franklin-Samuels' factual allegations as to those Defendants are "generally illogical and incomprehensible." (Doc. 5, #60). Finding no "factual content or context" from which the Magistrate Judge could reasonably infer any violation of Franklin-Samuels' rights, the R&R recommends dismissal for failure to state a claim. (*Id.*).

---

[2] Franklin-Samuels named Parikh as "Mayor," (Doc. 4, #41), but as the R&R notes, that is an incorrect title, (Doc. 5, #60 n.3).

3

Franklin-Samuels objected. (Doc. 6). Her Objection, though, isn't so much an objection as it is a declaration of her faith in God. (*See id.* at #65–67). Nowhere does Franklin-Samuels' filing mention the R&R, much less make specific objections to it.

Regardless, after reviewing the Complaint, the Court agrees with the Magistrate Judge that it fails to state a claim. The Court further notes that the Complaint is wholly frivolous. Fairly illustrating the tenor of her allegations, Franklin-Samuels claims that the "[G]ov[ernor] of Columbus had [her] locked up ... [in] Rhodes Hospital" where a nurse "stabbed [her] arm and all [her] veins collapsed and disappeared"; that "white people were trying to get rid of [her] with black magic"; and that "male and female people of God's have tried to take [her] life in hospitals." (Doc. 4, #42–43). As the Magistrate Judge observed, none of those allegations set forth a rational claim upon which relief can be granted. To the contrary, those are precisely the sort of far-fetched allegations that lead courts to dismiss complaints. *Greathouse v. Maglinger*, No. 4:22-cv-P64, 2022 WL 4096885, at *2 (W.D. Ky. Sept. 7, 2022) (collecting cases).

Beyond recommending dismissal, the Magistrate Judge formally warned Franklin-Samuels that "she is highly likely to be deemed to be vexatious and made subject to prefiling limitations if she persists in filing additional cases that lack any reasonable basis for federal subject matter jurisdiction and/or that are factually and legally frivolous under screening standards." (Doc. 5, #62). The Court joins in that warning here. Significant judicial resources and court time have been spent screening Franklin-Samuels' numerous complaints, most (if not all) of which appear to make

4

wholly frivolous allegations. As such, the Court **FORMALLY WARNS** Franklin-Samuels that filing any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards will result in her designation as a vexatious litigator.

For the reasons explained, the Court **ADOPTS** the R&R (Doc. 5) in full, **OVERRULES** Franklin-Samuels' Objection (Doc. 6), and **DISMISSES** the matter **WITH PREJUDICE** because the Complaint fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). Beyond that, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Franklin-Samuels leave to appeal IFP. But as a non-prisoner, Franklin-Samuels may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024). Finally, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

April 10, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**